FILED
AUG 2 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADMINISTRATIVE COMMITTEE FOR THE WAL-MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, <br><br> Plaintiff, <br><br> v. <br><br> THERESA MARETTA AND STEVEN C. FUOCO, ESQ., AS A NOMINAL STAKEHOLDER, <br><br> Defendants. | 07CV4748 <br> JUDGE ANDERSEN <br> MAG. JUDGE SCHENKIER |

## VERIFIED COMPLAINT

Plaintiff, Administrative Committee ("Committee") for the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan"), pleads as follows:

1. This action is to enforce the terms of the Plan, which is self-funded, and for equitable relief arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

### I. PARTIES

2. The Committee is a fiduciary of the Plan, and, as such, is entitled to bring this action pursuant to 29 U.S.C. § 1132(a)(3).

3. Upon information and belief, Defendant Theresa Maretta ("Maretta") is a citizen and resident of Cook County, Illinois.

4. Upon information and belief, Defendant Steven C. Fuoco, Esq. is an attorney with his principal place of business being 1055 Golf Avenue, Highland Park, Illinois 60035.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action is to enforce provisions of the Plan arising under ERISA.

6. Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court because Defendants are residents of Cook County which is in the Northern District of Illinois.

## III. FACTUAL ALLEGATIONS

7. At all times relevant herein, Maretta was a "Covered Person" under the Plan.

8. On or about December 16, 2003, Maretta was injured in an accident.

9. In connection with the injuries suffered by Maretta, the Plan paid medical benefits on her behalf in the amount of $14,401.38. *See* true and correct copy of Itemization of Benefits attached hereto as Exhibit A.

10. The Plan contains a "Right to Reduction, Reimbursement and Subrogation" provision which states:

The Plan has the right to:

- Reduce or deny benefits otherwise payable by the Plan, and
- Recover or subrogate 100% of the benefits paid or to be paid by the Plan for covered persons, to the extent of any and all of the following payments:
  - Any judgment, settlement, or payment made or to be made because of an accident or malpractice, including but not limited to other insurance
  - Any auto or recreational vehicle insurance coverage or benefits, including but not limited to uninsured/underinsured motorist coverage
  - Business medical and/or liability insurance coverage or payments
  - Attorney's fees

*Note*

- The Plan has first priority with respect to its right to reduction, reimbursement, and subrogation.

- The Plan has the right to recover interest on the amount paid by the Plan because of the accident.

- The Plan has the right to 100% reimbursement in a lump sum.

- The Plan is not subject to any state laws, including but not limited to the common fund doctrine, which would purport to require the Plan to reduce its recovery by any portion of a covered person's attorney's fees and costs.

- The Plan is not responsible for the covered person's attorney's fees, expenses, or costs.

- The right of reduction, reimbursement, and subrogation is based on the Plan language in effect at the time of judgment, payment, or settlement.

- The Plan's right to reduction, reimbursement, and subrogation applies to any funds recovered from another party, by or on behalf of the estate of any covered person.

- The Plan's right to first priority shall not be reduced due to the participant's own negligence

**Cooperation Required**

The Plan requires you, your dependents, and your representatives to cooperate in order to guarantee reimbursement to the Plan from third party benefits. Failure to comply with this request will entitle the Plan to withhold benefits due to you or your dependents under the Plan. You, your dependents, and/or your representatives cannot do anything to hinder reimbursement of overpayment to the Plan after benefits have been accepted by you, your dependents, and/or your representatives.

These rights apply regardless of whether such payments are designated as payment for, but not limited to:

- Pain and suffering, or

- Medical benefits.

This applies regardless of whether you or your dependents have been fully compensated for injuries.

Additionally, the Plan has the right to file suit on your behalf for the condition related to the medical expenses in order to recover benefits paid or to be paid by the Plan.

**Participant's Responsibility Regarding Right of Reduction and/or Recovery**

To aid the Plan in its enforcement of its right of reduction, recovery, reimbursement, and subrogation, you and your representative must, at the Plan's request and at its discretion:

- Take any action,

- Give information, and

- Sign documents so required by the Plan.

Failure to aid the Plan and to comply with such requests may result in the Plan's withholding or recovering benefits, services, payments, or credits due or paid under the Plan.

The Plan's right to reimbursement applies when the Plan pays medical benefits, and a judgment, payment, or settlement is made on behalf of the covered person for whom the medical benefits were paid. Reimbursement to the Plan of 100% of these charges shall be made at the time the payment is received by you, your dependent(s), or your representative.

A true and correct copy of the "Right to Reduction, Reimbursement, and Subrogation" provision is attached hereto as Exhibit B.

11. Upon information and belief, Maretta settled claims relating to the December 16, 2003, accident for $18,661.13.

12. Steven C. Fuoco, counsel for Maretta, is named as a nominal stakeholder defendant in this action because he is in possession and control of the $18,661.13 in disputed funds, and he will be the party to make payment pursuant to the Court's directive.

13. Although the Plan has requested that Maretta reimburse the Plan in the amount of $14,401.38 (the "disputed funds"), pursuant to the terms of the Plan, Maretta has refused to do so.

14. Despite being aware of the Plan's terms and reimbursement interest, Maretta's attorney, Fuoco, plans to disburse all but $11,871.72 of

the funds recovered from the Maretta settlement to himself in the form of attorneys' fees.

15. The disbursement to Fuoco – without immediate relief from this Court – puts the disputed funds at imminent risk of being placed beyond the Court's ERISA jurisdiction.

## VI. TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

16. Pursuant to 29 U.S.C. § 1132(a)(3)(A) and/or Fed. R. Civ. P. 65, the Committee is entitled to a temporary restraining order, and, upon notice and hearing, the Committee is entitled to a preliminary injunction enjoining Maretta, and all those acting in concert or participating with her, including her attorney, Steven C. Fuoco, from disposing of the settlement funds, or whatever portion of those funds that have not been dissipated, pending a final determination by this Court. If Defendants are able to place these monies beyond the reach of Court, they may deprive the Court of the ability to impose an equitable remedy under ERISA.

## VII. ENFORCEMENT OF THE TERMS OF THE PLAN

17. Pursuant to 29 U.S.C. § 1132(a)(3), the Committee seeks equitable relief, including, but not limited to, restitution, imposition of a constructive trust, and equitable lien to enforce ERISA and the terms of the

Plan.

18.     By refusing to cooperate with the Plan to protect its rights and refusing to reimburse the Plan to the extent of benefits paid out of the amount Maretta recovered, Maretta and Fuoco has violated the terms of the Plan.

19.     Since these acts and/or practices violate the Plan's terms, this Court should enter an order in restitution enforcing the terms of the Plan by requiring Defendants to turn over the $14,401.38 to the Plan.

## VIII. PRAYER FOR RELIEF

The Committee requests that the Court enter an Order granting equitable restitution in the form of a constructive trust or equitable lien against Maretta and all those acting in concert or participating with her, including her attorney, Steven C. Fuoco, Esq., to reimburse the Plan in the amount of $14,401.38, including appropriate pre-judgment and post-judgment interest, and for any other relief to which the Committee is entitled, and that reasonable attorney's fees and costs be awarded, pursuant to 29 U.S.C. § 1132(g).

Date: August 22, 2007

Respectfully submitted,

By: s/Edwin L. Rawson
Thomas H. Lawrence  TN Bar No. 17105
Edwin L. Rawson  TN Bar No. 020951
Malcolm Futhey
LAWRENCE & RUSSELL, LLP
5050 Poplar Avenue, Suite 1717
Memphis, Tennessee 38157
Telephone: (901) 844-4430
Facsimile: (901) 844-4435

*Pro Hac Vice* Application submitted.

## VERIFICATION

I, Teresa Todd, a competent person of the full age of majority, declare:

I am Sr. ASO Auditor for the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan. I have personal knowledge of, and can testify to, the facts set forth in the Verified Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8/22/07

Teresa Todd