IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADMINISTRATIVE )
COMMITTEE FOR THE )
WAL-MART STORES, INC. )
ASSOCIATES' HEALTH AND )
WELFARE PLAN, )
 )
       Plaintiff, )
 )
v. )   Case No. 07C 4748
 )
THERESA MARETTA AND )
STEVEN C. FUOCO, ESQ., )
AS A NOMINAL )
STAKEHOLDER, )
 )
       Defendants. )

FILED
AUG 2 2 2007
JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT
AUG 2 2 2007
MAGISTRATE JUDGE SCHENKIER
JUDGE ANDERSEN

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND, UPON NOTICE AND HEARING, PRELIMINARY INJUNCTION

Pursuant to 29 U.S.C. § 1132(a)(3)(A) and/or Federal Rule of Civil Procedure 65, Plaintiff, the Administrative Committee ("Committee") of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan"), moves this Court to issue a Temporary Restraining Order and a Preliminary Injunction against Defendants, Theresa Maretta ("Maretta") and Maretta's attorney, Steven C. Fuoco, Esq., enjoining them from disposing any portion of the disputed $14,401.38 ("disputed funds") obtained in the $18,661.13 settlement recovered on Maretta's individual behalf as a result of injuries she sustained on or about December 16, 2003. Should Attorney Fuoco have inappropriately disbursed any portion of the disputed $14,401.38, Plaintiff

requests that this Court issue a TRO freezing Attorney Fuoco's account(s) into which the disputed funds may have been deposited.

Despite an ongoing dispute over the settlement fund, Attorney Fuoco has stated he intends to disburse all but $11,871.72 of the disputed funds to himself as attorney's fees, which may put the disputed funds at imminent risk of being placed beyond the Court's ERISA jurisdiction.

Under 29 U.S.C. § 1132(a)(3)(A) and/or Federal Rule of Civil Procedure 65, Plaintiff seeks a temporary restraining order and a preliminary injunction against Defendants requiring them to preserve the disputed funds until this case is resolved either by settlement or judgment, including all appeals. The temporary restraining order and preliminary injunction will maintain the status quo until this Court can determine the rights and obligations of the parties, and will prevent Defendants from placing the disputed funds beyond the reach of the Court, thereby potentially preventing the imposition of an equitable remedy, which is the only type of remedy available to Defendants under 29 U.S.C. § 1132(a)(3). *See Sereboff v. Mid Atl. Med. Servs., Inc.*, 126 S. Ct. 1869 (2006) and *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213-14 (2002).

Plaintiff requests that the Court grant Plaintiff's Motion for a Temporary Restraining Order and, upon notice and a hearing, a Preliminary Injunction. A memorandum on law is filed contemporaneously with this motion.

Dated: August 22, 2007

By: s/ Edwin L. Rawson
Thomas H. Lawrence (TN 17105)
Edwin L. Rawson (TN 020951)
Malcolm B. Futhey III
(TN 024432; IL 6281425)*
LAWRENCE & RUSSELL, LLP
5050 Poplar Avenue, Suite 1717
Memphis, Tennessee 38157
Telephone: (901) 844-4430
Facsimile: (901) 844-4435

Attorneys for Plaintiff

*Pro Hac Vice Application submitted.

3

## CERTIFICATE OF SERVICE

I hereby certify that I have this 22 of August, 2007, served a copy of the foregoing document, with any attachments, upon all counsel of record by electronic filing in accordance with the Court's guidelines to those counsel who are registered, listed below, with the Court=s electronic filing program, and by properly addressed first class mail to any others.

Steven C. Fuoco, Esq.
1055 Golf Ave.
Highland Park, IL 60035

s/ Edwin L. Rawson

4