**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTIRCT OF ILLINOIS
EASTERN DIVISION

SEP 1 0 2007
SEPT. 10, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ADMINSTRATIVE COMMITTEE FOR THE WAL-MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, <br><br> Plaintiff, <br><br> v. <br><br> TERESA MARETTA and STEVEN C. FUOCO, ESQ., AS A NOMINAL STAKEHOLDER <br><br> Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 07 C 4748 <br><br> Judge Wayne R. Anderson |

## NOTICE OF FILING

To:   Malcolm B. Futhey, III
      Lawrence & Russell, LLP
      5050 Poplar Avenue, Suite 1717
      Memphis, TN 38157

**Please take notice** that on the 10th day of September, 2007, I filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the following: **DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS**

Steven C. Fuoco
1055 Golf Avenue
Highland Park, IL 60035
847/432-LAWS (5297)
Pro Se and Counsel for Defendant,
Teresa Maretta

### Proof of Service

I, Steven C. Fuoco, an attorney, state on oath and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that service of this Notice was accomplished to the above named attorney by first class mail deposited in the U.S. Mail at the United States Post Office, 812 Central Avenue, Highland Park, Illinois before 5:00 p.m. on September 10, 2007.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTIRCT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADMINSTRATIVE COMMITTEE FOR THE WAL-MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN,<br><br>Plaintiff,<br><br>v.<br><br>TERESA MARETTA and STEVEN C. FUOCO, ESQ., AS A NOMINAL STAKEHOLDER<br><br>Defendants, | Case No. 07 C 4748<br><br>Judge Wayne R. Anderson |

## DEFENDANTS' RULE 12(b)(2) MOTION TO DISMISS

Defendant, STEVEN C. FUOCO, individually and as counsel for Defendant, TERESA MARETTA respectfully submit their Fed. R. Civ. P. Rule 12(b)(2) Motion to Dismiss for lacking federal subject matter jurisdiction and state as follows:

### I. INTRODUCTION

1. The Court should dismiss this action for the actual lack of 29 U.S.C. § 1132(a)(3)(B) federal subject matter jurisdiction asserted by plaintiff.

2. The dispute is between defendant, STEVEN C. FUOCO and plaintiff, presenting only a question of Illinois state substantive law concerning application of the Common Fund Doctrine and for which a Petition to Adjudicate Asserted Medical Payment Liens is already pending in Cook County Circuit Court.

3. The plaintiff brought this federal action as a forum shopping maneuver to avoid an adverse ruling in the Cook County Circuit Court that will require plaintiff to make a Common

1

Fund Doctrine 33 1/3% contingency attorney fee and pro rata share expenses payment, pursuant to *Bishop v. Burgard, 198 Ill. 2d 495, 764 N.E. 2d 24 (2002)* for FUOCO's successful legal work in Illinois state court litigation for defendant, TERESA MARETTA and her husband, Richard.

4. On August 2, 2007, FUOCO's independent action for Common Fund Doctrine payment from plaintiff had been asserted in a Petition to Adjudicate Liens filed in the Cook County Circuit Court, Law Division, with Judge Kathy M. Flanagan presiding.

5. Since a state court action is pending and FUOCO's right to payment from plaintiff is solely a question of Illinois state substantive law, the Court should find no federal subject matter jurisdiction exists and dismiss this action.

6. Such a finding is required by the Seventh Circuit's discussion in *Admin. Comm. of Wal-Mart Stores, Inc. Health and Welfare Plan v. Varco, 338 F. 3d 680, 691 (7th Cir. 2003)* that identified the exact legal nature of an attorney's independent right for common fund payment when not fully compensated.

## II. UNDISPUTED JURISDICTIONAL FACTS

7. On June 28, 2005, Defendant, TERESA MARETTA and her husband, Richard Maretta filed a Cook County Circuit Court lawsuit, with Docket Number 2005 L 7102 against Mark W. Lewis to recovery money damages for a rear-end auto collision occurring December 16, 2003 (See Doc. 8, Complaint attached as Exhibit A).

8. In Count I of this Complaint, Defendant, TERESA MARETTA made specific claim for her bodily injuries stemming from this collision (Doc. 8, Ex. A, P. 1-3).

9. In Count IV of this Complaint, Defendant, TERESA MARETTA made a derivative claim for her loss of consortium stemming from the bodily injuries also suffered by her husband from this collision (Doc. 8, Ex. A, P. 5).

2

10. As verified by FUOCO (Doc. 8, P. 11), on June 15, 2005, Defendant, TERESA MARETTA and her husband entered into a contingency fee, legal services contract for FUOCO while a member of O'Hagan, Smith & Amundsen, LLC to prosecute their money damages claims stemming from the December 16, 2003 rear-end auto collision. A true and correct copy of this contract is available for *in camera* review by the Court if needed.

11. The terms of this contract generally provided for a 33 and 1/3 contingency legal fee specifically for any gross recovery from settlement or verdict in favor of either Defendant, TERESA MARETTA, her husband or both.

12. The terms of this contract also generally provided for advancement of necessary expenses for the prosecution of the claims made by Defendant, TERESA MARETTA and her husband, with reimbursement of advanced expenses in full made specifically from any recovery and after the deduction of contingency legal fees.

13. After receiving medical treatment for her December 16, 2003 collision injuries, Defendant, TERESA MARETTA or, as her counsel, FUOCO received mailed notice of asserted medical payment liens from three purported recovery agents, Medical Services for LaGrange Memorial Hospital (Doc. 8, attached as Exhibit C); Blue Cross and Blue Shield of Illinois for the instant plaintiff (Doc. 8, attached as Exhibit D) and Benefit Recovery, Inc., again for the instant plaintiff (Doc. 8, attached as Exhibit E).

14. Medical Services asserted a lien of $2,786.48 (Doc. 8, Ex. C, P.1). Blue Cross and Blue Shield of Illinois asserted a lien for the instant plaintiff without giving quantification of any reimbursement amount sought (Doc. 8, Ex. D, P.1). Benefit Recovery gave a combined, quantified reimbursement amount sought by the instant plaintiff from Defendant, TERESA MARETTA and her husband of $22,995.37 without any subdivision for either.

15. After more than two years of litigation and before July 20, 2007, Defendant, TERESA MARETTA reached a $20,000 policy limits settlement agreement with the Lewis defendant and his insurer, Affirmative Insurance Company to settle each of her claims made in Exhibit A (less the pre-suit lien payment of $1,338.87 by Affirmative to Liberty Mutual for subrogated auto policy medical payments made (Doc. 8, copy of the Lewis claim release, attached as Exhibit F).

16. On August 2, 2007, FUOCO filed a PETITION and hearing Notice for August 17, 2007 to adjudicate the three asserted medical payment liens before Cook County Circuit Court Judge Kathy Flanagan who remains presiding over the Exhibit A action (Doc. 8, attached Exhibit G).

17. The PETITION sought application of FUOCO's common fund doctrine right to receive payment from the instant plaintiff for a 1/3 attorney fee and pro rata share of case expenses for creating the settlement fund at issue (Doc. 8, Ex. G, P. 4). Illinois state substantive law found in *Bishop v. Burgard, 198 Ill. 2d 495, 510 (2002)* was identified as the legal basis for application of the common fund doctrine to any reimbursement the instant plaintiff may be entitled (Doc. 8, Ex. G, P. 4).

18. On August 2, 2007, FUOCO sent the PETITION and hearing Notice for August 17, 2007 by certified mail to all three asserted lien recovery agents (Doc. 8, attached as Group Exhibit H).

19. On August 17, 2007, an attorney signatory on plaintiff's pleadings, Malcolm B. Futhey, III did personally appear as counsel for plaintiff in Judge Flanagan's courtroom at the Daley Center for the scheduled hearing of the PETITION to Adjudicate. However, Judge

4

Flanagan had been absent from court and the PETITION hearing was rescheduled to August 21st at 9:30 a.m.

20. On August 20, 2007, FUOCO received the Affirmative Insurance Company settlement check for $18,661.13 and made payable to Defendant, TERESA MARETTA and FUOCO, as her counsel.

21. On August 21, 2007, Malcolm B. Futhey, III did again personally appear as counsel for plaintiff in Judge Flanagan's courtroom at the Daley Center for the scheduled hearing of the PETITION to Adjudicate. Before the case was called, FUOCO provided Futhey with an affidavit prepared to quantify the amount of the 33 and 1/3 contingency attorney fee earned and advanced expense total to be paid for the two plus year litigation that created the settlement fund at issue. (Doc. 8, Ex. I). The fee and expenses total on the affidavit is $6,789.41.

22. During the hearing, Futhey consented on behalf of the plaintiff to the state court's in personam jurisdiction over plaintiff on certified mail notice and with his appearance as counsel for plaintiff before Judge Flanagan. (Doc. 8, Exhibit J). The parties to this instant action will return to Judge Flanagan's courtroom for status on court ordered information exchange of the actual health care service expenses paid by plaintiff and case discovery materials providing injury causation evidence to differentiate necessary health care service expenses stemming from the December 16, 2003 collision injuries versus May 12, 2005 on-the-job injuries.

23. After this court appearance Defendant, TERESA MARETTA endorsed the settlement check and FUOCO endorsed and negotiated the settlement check by deposit into his IOLTA Client Trust Account with the First Bank of Highland Park. (Doc. 8, Group Exhibit K).

24. Right after this deposit, FUOCO withdrew the exact sum set forth in affidavit of $6,789.41 from the IOLTA Client Trust Account and deposited this sum in his operating

account, also with the First Bank of Highland Park, adding to the existing balance in this account. (Doc. 8, Exhibit L).

25. On August 22, 2007, plaintiff filed this instant action and sought an emergency temporary restraining order against Defendant, FUOCO before Judge Kennelly and without notice (Doc. 1).

26. After requiring the plaintiff to give FUOCO notice and after hearing held on August 23rd, Judge Kennelly granted a temporary restraining order requiring FUOCO to return $2,529.66 to his client trust account (Doc. 9).

27. FUOCO complied with Judge Kennelly's Order at 3:41 p.m. on August 23rd (See true and correct copy of deposit, attached as Ex. 1).

28. With this deposit forced by emergency court action initiated by plaintiff, FUOCO then became substantive stakeholder in this litigation when only receiving partial compensation for his legal services that created the fund for which the plaintiff now seeks payment.

### III. ARGUMENT

29. Pursuant to the following explanation given by the Seventh Circuit in *Varco*, the District Court should find that no 29 U.S.C. § 1132(a)(3)(B) federal subject matter jurisdiction asserted by plaintiff exists:

> If Dunford [*Varco* plaintiff's counsel] had not compensated himself fully, and, as a result, still had a stake in the action based upon the outcome of this case, then the district court could have properly categorized the action as one by an attorney to enforce his rights and therefore appropriately brought by Varco under Illinois state law. But because Dunford had no stake in the outcome of this case, this action by Varco is not for appropriate equitable relief under the Illinois common fund doctrine. *338 F. 3d at 691*.

30. It is undisputed that FUOCO has a substantive legal interest and equitable rights at stake in this action.

6

31.     Illinois substantive law provides FUOCO with an equitable lien for payment of his attorney fee and advanced expenses reimbursement upon the proceeds of any money damages judgment or settlement obtained for Defendant, TERESA MARETTA immediately upon the successful conclusion of the state court litigation. *Home Fed. Sav. and Loan Assoc. of Centralia v. Cook, 170 Ill. App. 3d 720, 724, 525 N.E. 2d 151, 154 (Ill. App. Ct. 1988).*

32.     Because of this equitable lien, FUOCO had the right in equity to take possession of the state litigation settlement proceeds to which his equitable lien applies and initiate state court proceedings to adjudicate his right to common fund payment from plaintiff of a 1/3 fee and pro rata share expense reimbursement. The receipt of such common fund fee and pro rata expenses payment from plaintiff would cause the rebate to Defendant, TERESA MARETTA of exactly the same amount from FUOCO since FUOCO is fully compensated upon receipt of $6,789.41.

33.     Because of this equitable lien and FUOCO's independent rights, FUOCO's possession and control over the settlement proceeds cannot be properly characterized as derivative from the agency relationship with Defendant, TERESA MARETTA. MARETTA does not possess or control the settlement proceeds or can require FUOCO to make any disbursement to her. Accordingly, the Plan provisions do not apply to, nor can be imposed upon FUOCO and should not be found by the Court to impair FUOCO's equitable right to be fully compensated.

34.     Moreover, it is undisputed that plaintiff appeared in the state court adjudication proceedings and an order has been entered requiring the plaintiff and FUOCO to work together and identify medical expenses payments properly attributed to the December 16, 2003 collision, with the return before the court to report progress. It was only after entry of this August 21st state court order that plaintiff filed the instant forum shopping federal action.

35. By plaintiff's election to proceed in Illinois state court first, the Court should hold plaintiff to its initial state forum choice and distinguish the instant case factually on this indisputable ground.

36. In response, plaintiff will likely argue that the Court should apply the holding and rationale offered by the Fifth Circuit in *Bombardier Aerospace Emp. Welfare Benefits Plan v. Ferrer, Poirot and Wasnsbrough*, 354 F. 3d 348 (5th Cir. 2003). The Court should not do so for four distinguishing reasons.

37. First, the Bombardier Plan did not first give consent to the exercise of in personam jurisdiction and appear by counsel in a state court adjudication proceeding. This opinion featured only a federal action filed by the Bombardier Plan to determine the rights of the parties, not the existence of concurrent state and federal proceedings or any forum shopping by the Plan undeniably featured in the instant case. *354 F. 3d at 350*.

38. Second, the Fifth Circuit did not even address, let alone analyze an attorney's equitable lien rights to compensation for successful fund creation. *354 F. 3d at 357*.

39. Third, the Fifth Circuit only examined Texas state law and federal law related to the issue of common fund doctrine and certainly had no reason to consider the impact of *Bishop v. Burgard*, 198 Ill. 2d 495, 764 N.E. 2d 24 (2002) defining an attorney's independent equitable action for common fund payment found in Illinois substantive law to the court's analysis. The Fifth Circuit also had no reason to consider the alternative case outcome that is based solely upon the application of Illinois substantive law when counsel claiming seeking a common fund payment has not been fully compensated, as explained by the Seventh Circuit in *Varco* and quoted above.

40.     Fourth, the Court should be persuaded by and adopt Seventh Circuit guidance and explanation based upon the specific examination of Illinois substantive law rather that adoption of Fifth Circuit holding that is based upon Texas state substantive law and prior Fifth Circuit precedent.

### IV. CONCLUSION

The District Court should follow the Seventh Circuit's guidance in *Varco* about the appropriate application of Illinois state law when an attorney claiming common fund payment from a Plan is not fully compensated and reject the plaintiff's blatant forum shopping filing by dismissing this action for the lack of 29 U.S.C. § 1132(a)(3)(B) federal subject matter jurisdiction. The Illinois state court in which the plaintiff initially appeared to litigate its reimbursement rights was the chosen forum for both sides to this litigation. Concurrent state and federal adjudication is both unnecessary and wasteful.

Respectfully submitted,

/s/ Steven C. Fuoco

Steven C. Fuoco
Individually and as Counsel for Defendant, TERESA MARETTA

Steven C. Fuoco
1055 Golf Avenue
Highland Park, IL 60035
847/432-LAWS (5297)

### VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Steven C. Fuoco verify under penalty of perjury that the foregoing is true and correct.

7 September 2007
Date

/s/ Steven C. Fuoco

9

**CUSTOMER RECEIPT**    **THANK YOU!**


www.firstbankhp.com





**HIGHLAND PARK**
1835 First Street
Highland Park, IL 60035
847-432-7800

**NORTHBROOK**
633 Skokie Blvd.
Northbrook, IL 60062
847-272-1300

```
First Bank of Highland Park      15:41
12    21    08/23/07
DDA Deposit                   $2,529.66
Acct#
```

Subject to conditions governing the handling of items prescribed in the regulations of this bank.

**EXHIBIT 1**