IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADMINISTRATIVE COMMITTEE FOR THE WAL-MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07 C 4748 District Judge Andersen |
| THERESA MARETTA and STEVEN C. FUOCO, ESQ., as a nominal stakeholder, | ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

1.   Plaintiff, the Administrative Committee ("Administrative Committee") of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan"), submits this Response to "Defendants' Rule 12(b)(2) Motion to Dismiss."

**INTRODUCTION**

2.   This suit concerns the extent to which the Plan is entitled to reimbursement under ERISA § 502(a)(3) from an $18,661.13 settlement Defendant Theresa Maretta obtained from a third-party tortfeasor. Defendants move to dismiss this case pursuant to "Rule 12(b)(2) for lacking subject matter jurisdiction." They suggest that this case involves only state law issues and that ERISA § 502(a)(3) jurisdiction does not extend to a participant's attorney. First, Defendants have incorrectly invoked Rule 12(b)(2) that concerns personal jurisdiction. Second, federal courts hold exclusive

jurisdiction over ERISA § 502(a)(3) claims, precluding the Plan from raising this ERISA § 502(a)(3) claim in state court. Third, this suit brought under the federal statute ERISA § 502(a)(3) clearly involves federal issues. Finally, case law acknowledges a health care plan may bring an ERISA § 502(a)(3) against a participant's attorney, such as Defendant Steven C. Fuoco. Therefore, Defendants' motion to dismiss should be denied.

## BACKGROUND

3. At all times relevant herein, Defendant Theresa Maretta was a "Covered Person" under the terms of the Plan, which is a self-funded ERISA plan. (Amended Verified Complaint, Doc. 11 at 2.) On December 16, 2003, Defendant Theresa Maretta sustained injuries in an automobile accident with a third-party. (*Id.* at 2.) The Plan paid a total of $14,401.38 in medical expenses in relation to those injuries. (*Id.* at 2, Exhibit 1.)

4. The Plan contains a "Right to Reduction, Reimbursement and Subrogation" provision that requires a participant to reimburse the Plan fully for health care costs from any amounts recovered by third-party tortfeasors. (*Id.* at 2-5.) This section states in relevant part:

> The Plan has the right to:
> . . . .
> • Recover or subrogate 100% of the benefits paid or to be paid by the Plan for covered persons . . .
> . . . .
> • The Plan has first priority with respect to its right to reduction, reimbursement, and subrogation.
> . . . .
> • The Plan is not subject to any state laws, including but not limited to the common fund doctrine, which would purport to require the Plan to reduce its recovery by any portion of a covered person's attorney's fees and costs.
> • The Plan is not responsible for the covered person's attorney's fees, expenses, or costs.
> . . . .

> The Plan's right to reimbursement applies when the Plan pays medical benefits, and a judgment, payment, or settlement is made on behalf of the covered person for whom the medical benefits were paid. Reimbursement to the Plan of 100% of these charges shall be made at the time the payment is received by you, your dependent(s), or your representative.

(Amended Verified Complaint, Ex. 2 "Right to Reduction, Reimbursement, and Subrogation.") As seen above, the terms stipulate the Plan will receive a "100%" recovery and "first priority" and also disclaim the make whole rule and common fund doctrine.

     5.    As a result of the December 16, 2003, accident, Theresa Maretta and her husband brought an action against the third-party tortfeasor in the Circuit Court of Cook County, Illinois, Law Division. *Maretta v. Lewis*, No. 05 L 7102. In late July 2007, Theresa Maretta settled her individual claim for approximately $18,661.13. (Amended Verified Complaint, Doc. 11 at 5.) Before receiving the funds, Maretta's attorney, Defendant Steven C. Fuoco, filed a "Petition to Adjudicate Asserted Medical Payment Liens" in the state action, and mailed the Petition to the Plan. (Doc. 10, Ex. B.) On August 21, 2007, Attorney Fuoco and the Plan's counsel appeared for a status hearing on the Petition before the Honorable Judge Kathy M. Flanagan. (Doc. 8, Ex. J.)

     6.    After setting discovery deadlines during the status hearing, Attorney Fuoco informed the Plan's counsel that he had received the $18,661.13 settlement check that day. (Doc. 10, Ex. C & Ex. D.) Attorney Fuoco stated he would deposit $6,789.41 ($6,220.37 for attorney's fees, $569.04 for costs) into his operating account for his 1/3 contingency fee and costs. (*Id.*; Doc. 8 Ex. K.) Additionally, Attorney Fuoco stated he would place the remaining $11,871.72 in trust and seek an additional 1/3 fee from the amount the Plan recovered. (Doc. 10, Ex. C & Ex. D.) The Plan's counsel responded that

the Plan sought full reimbursement and that the disputed $14,401.38 must remain in trust pursuant to Ethics Rule 1.15(c), pending resolution of the dispute. (*Id.*) Also, the Plan's counsel stated Attorney Fuoco could not receive an additional 1/3 fee (a more than 60% fee total) from the Plan's recovery, regardless of the Plan terms disclaiming the common fund doctrine. (*Id.*)

7. Given the creation of a settlement fund on August 21, 2007, the Plan filed the next day this federal suit under ERISA § 502(a)(3) based on federal question jurisdiction. (Verified Complaint, Doc. 1.) In this suit, the Plan seeks an equitable lien or constructive trust against $14,401.38 of the settlement and names both Theresa Maretta and Attorney Steven C. Fuoco as defendants. (Verified Complaint, Doc. 1; Amended Verified Complaint, Doc. 11.) On August 23, 2007, District Court Judge Matthew F. Kennelly, the emergency motion judge for that day, granted the Plan's request for a TRO and directed Attorney Fuoco to preserve the disputed $14,401.38 in a trust account. (Minute Order of August 23, 2007, Doc. 9.)

8. On September 10, 2007, Defendant Steven C. Fuoco filed a motion to dismiss under "Rule 12(b)(2) for lacking subject matter jurisdiction," which is at issue here. (Doc. 16.)

## ARGUMENT

### A.  Rule 12(b)(2) and personal jurisdiction

9. Defendant Attorney Fuoco has incorrectly, and most likely mistakenly, invoked Federal Rule of Civil Procedure 12(b)(2) in his motion to dismiss. (Doc. 16 at 1, first unnumbered paragraph.)[1] Federal Rule of Civil Procedure 12(b)(2) allows for the

---

1 Local Rule 10.1 states, "Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed." N.D. Ill. 10.1. However,

4

defense of "lack of jurisdiction over the person." FED. R. CIV. P. 12(b)(2). This defense concerns whether a court has personal jurisdiction over the defendant, *see, e.g., Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002)(discussing personal jurisdiction under Rule 12(b)(2)), not whether subject matter jurisdiction exists over the case, *see, e.g., Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003)(demonstrating subject matter jurisdiction claims are raised under Rule 12(b)(1)). Personal jurisdiction exists over a defendant if he has sufficient minimum contacts with the forum. *See Cent. States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 875 (7th Cir. 2006).

10.    Here, Attorney Fuoco has sufficient minimum contacts with this Court's forum. He maintains an office in this district at 1055 Golf Avenue, Highland Park, Illinois 60035, is a licensed Illinois attorney, and represented the Marettas in the underlying suit in the Circuit Court of Cook County, Illinois. Also, Attorney Fuoco has raised no argument that could reasonably be construed as actually concerning personal jurisdiction. Therefore, personal jurisdiction exists, and dismissal cannot be based on Rule 12(b)(2).

   B.    **Rule 12(b)(1) and subject matter jurisdiction**

   1. Standard

11.    For a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Rueth v. United States EPA*, 13

---

Defendants' motion is too unstructured and lacking in relevant law for this rule to be applied effectively here. In this response, the Plan simply shows that subject matter jurisdiction exists. The Plan has attempted to comply with Local Rule 10.1 by noting the paragraphs of Defendants' motion to which each section responds.

F.3d 227, 229 (7th Cir. 1993). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)(quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)).

    2. <u>Subject matter jurisdiction based on exclusive federal jurisdiction</u>

    12.    This Court has jurisdiction over this case since the Plan can only file its ERISA § 502(a)(3) claim in federal court. (Doc. 16 ¶¶ 29, 34-40.) ERISA § 502(a)(3) creates a right of action "by a . . . fiduciary . . . to obtain other appropriate equitable relief . . . to enforce any provision of . . . the terms of the plan." 29 U.S.C. § 1132(a)(3)(B)(ii). ERISA § 502(e) provides that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(1); *see also* 28 U.S.C. § 1331. Consequently, ERISA § 502(a)(3) completely preempts any state cause of action seeking the same relief and precludes a plan from filing such a claim in state court. *Admin. Comm. of the Wal-Mart Stores, Inc., Assocs. Health & Welfare Plan v. Varco*, 338 F.3d 680, 687 n.5 (7th Cir. 2003); *see also Health Cost Controls v. Skinner*, 44 F.3d 535, 536-37 (7th Cir. 1995).

    13.    Further, the Seventh Circuit decision *Varco* demonstrates a Plan may file an ERISA § 502(a)(3) claim in federal court despite having appeared in an underlying state action. *Varco*, 338 F.3d at 686-88. In *Varco*, a plan participant filed a motion in state court to adjudicate a subrogation lien held by the Wal-Mart health plan. *Id.* at 684; *see also Varco v. Lapsis*, 172 F. Supp. 2d 985, 987 (N.D. Ill. 2001). Wal-Mart removed the case to federal court. *Varco*, 338 F.3d at 684; *Lapsis*, 172 F. Supp. 2d at 988-92. The

district court remanded the case but noted "there may be federal jurisdiction over the Wal-Mart Committee's independent action if the complaint states a claim under ERISA's civil enforcement provision, § 502(a)(3)." *Varco*, 338 F.3d at 684 & n.1; *Lapsis*, 172 F. Supp. 2d at 991 n.7.  Wal-Mart then filed an original complaint under ERISA § 502(a)(3) in federal court against the participant and sought full reimbursement for paid medical expenses from a settlement fund.  *Varco*, 338 F.3d at 684.  Over the participant's objections, the district court found jurisdiction existed.  *Id.* at 685.  On appeal, the Seventh Circuit affirmed that subject matter jurisdiction existed over Wal-Mart's equitable claims under ERISA § 502(a)(3).  *Id.* at 688-92.

14.    Here, the Plan properly filed an original complaint in federal court under ERISA § 502(a)(3).  First and foremost, ERISA § 502(e) precludes the state court from exercising jurisdiction over the Plan's ERISA § 502(a)(3) claim.  So the Plan had to file its claim in federal court.  Secondly, the Plan filed its ERISA § 502(a)(3) action as soon as its right accrued, i.e., when Defendants endorsed the settlement check on August 21, 2007, thereby creating a fund, or *res*.  *See Sereboff v. Mid Atl. Med. Servs.*, --- U.S. ---, 126 S. Ct. 1869, 1873-74, 164 L. Ed. 2d 612 (2006)(noting an ERISA § 502(a)(3) claim must be asserted against "'specifically identifiable' funds").  Contrary to Defendants' argument, the Plan never "chose" to litigate this ERISA § 502(a)(3) claim in state court. (Doc. 16 ¶¶ 34-35.)    Lastly, this Court has jurisdiction based on ERISA § 502(a)(3) even though the Plan appeared in state court for a preliminary hearing before its cause of action under ERISA § 502(a)(3) accrued.  In *Varco*, the Seventh Circuit found federal jurisdiction under exactly the same circumstances.  Altogether, the Court has subject

matter jurisdiction over this dispute since ERISA § 502(e) provides exclusive federal jurisdiction over the Plan's ERISA § 502(a)(3) claim.

### 3. This ERISA § 502(a)(3) action clearly involves a federal issue

15.     Amazingly, Defendants suggest this case involves "solely a question of Illinois state substantive law." (Doc. 16 ¶¶ 2, 30-33.) However, the interpretation of an ERISA plan under ERISA § 502(a)(3) is a federal question under 28 U.S.C. § 1331. *See Varco*, 338 F.3d at 688. Even the issue of whether an ERISA plan preempts the state common fund doctrine is itself a federal issue under ERISA § 514(a). *Id.* at 688-89 & n.5.

16.     Here, this case clearly involves federal issues. The Plan, governed by ERISA, has asserted a claim under a federal statute, ERISA § 502(a)(3). As recognized in *Varco*, even the question of whether the Plan disclaims the state common fund doctrine is a federal issue under ERISA § 514(a), another federal statute. Also, Defendants have failed to cite any case law that suggests this Court lacks jurisdiction over the Plan's ERISA § 502(a)(3) claim. Altogether, Defendants' argument that this case involves only a state claim is completely unfounded.

### 4. Subject matter jurisdiction over the case against Steven C. Fuoco

17.     The Plan may bring an equitable claim against Attorney Steven C. Fuoco under ERISA § 502(a)(3) since he claims an interest in the disputed trust *res*. (Doc. 16 ¶¶ 29-40.) In *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, the Supreme Court ruled "§ 502(a)(3) admits of no limit . . . on the universe of possible defendants." 530 U.S. 238, 246, 120 S. Ct. 2180, 147 L. Ed. 2d 187 (2000). The Court recognized "§ 502(a)(3) itself imposes certain duties, and therefore that liability under that provision

8

does not depend on whether ERISA's substantive provisions impose a specific duty on the party being sued." *Id.* at 245. Turning to a specific example, the Court noted an ERISA § 502(a)(3) equitable action may be brought against a third-party transferee who "takes the property subject to the trust, unless he has purchased the property for value and without notice." *Id.* at 250. "Importantly, that a transferee was not 'the original wrongdoer' does not insulate him from liability for restitution." *Id.* at 251.

18.     Based on *Harris Trust*, the Fifth Circuit Court of Appeals recognized a health care plan can sue a participant's attorney in a subrogation case under ERISA § 502(a)(3). *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Piorot & Wainsbrough*, 354 F.3d 348, 353-54 (5th Cir. 2003). In *Bombardier*, a health care plan sued a participant and his attorneys under ERISA § 502(a)(3) seeking reimbursement for paid medical bills from a settlement fund obtained from a third-party tortfeasor. *Id.* at 350-51. The participant's attorneys held a portion of the settlement in trust and sought a portion of the disputed fund as attorneys' fees. *Id.* The participant's attorneys moved for dismissal "contending § 502(a)(3) of ERISA does not provide a cause of action against an entity like the law firm, which is neither a plan fiduciary nor a signatory to the plan." *Id.* at 351. Relying on *Harris Trust*, the Fifth Circuit held a health plan could sue the participant's attorneys since no limit exists on the "universe of possible defendants" when a plan seeks "equitable *in rem* relief under § 502(a)(3)." *Id.* at 352-54. The Court noted that while ERISA restricts "the proper *plaintiffs*" under § 502(a)(3), "Congress did not see fit, however, to include a similar limitation on the set of proper *defendants*." *Id.* at 354 (emphases in original).

19. This Court has jurisdiction over the Plan's ERISA § 502(a)(3) equitable claim against Attorney Fuoco based on *Harris Trust* and *Bombardier*. Both *Harris Trust* and *Bombardier* allow an ERISA § 502(a)(3) equitable claim concerning a *res* to be brought against another party who asserts a right to the same *res*. Here, the Plan asserts an ERISA § 502(a)(3) equitable claim for constructive trust or equitable lien against an identifiable $14,401.38 fund, or trust *res*. Since Attorney Fuoco asserts a right to the same fund or *res*, and was aware of the Plan's asserted claim prior to transfer, he is a proper party under ERISA § 502(a)(3). Furthermore, the facts of this case are indistinguishable from *Bombardier* for purposes of jurisdiction over Attorney Fuoco.

20. Surprisingly, Defendants cite *Varco* in support of their argument against jurisdiction. In *Varco*, the Seventh Circuit ruled that subject matter jurisdiction *does* exist for a constructive trust claim under ERISA § 502(a)(3) and that a health plan can disclaim state and federal common fund doctrines. *Varco*, 338 F.3d at 686-93; *see supra* Part B.2.[2] Defendants argue *Varco* somehow precludes jurisdiction over a common fund doctrine claim. However, no such issue was raised in *Varco*. In fact, *Varco* shows Defendants cannot prevail with regard to the common fund doctrine since ERISA allows a plan to disclaim that doctrine. *Id.* Therefore, *Varco* supports the Plan's position and is of no avail to Defendants.

21. Additionally, the ability of a Plan to disclaim the common fund doctrine itself suggests a participant's attorney is a proper party under ERISA § 502(a)(3). Every

---

[2] Even if Defendant Attorney Steven C. Fuoco is dismissed individually, the Court still has jurisdiction to adjudicate the Plan's rights with respect to the $14,401.32 *res* and the common fund doctrine. As demonstrated in *Varco*, an attorney need not be a party for a court to determine the Plan's right to disclaim the common fund doctrine. *Varco*, 338 F.3d at 688-92 (holding plan language preempted common fund doctrine in suit to which participant's attorney was not a party); *see also Forsling v. J.J. Keller & Assocs.*, 241 F. Supp. 2d 915, 920-21 (E.D. Wis. 2003)(Griesbach, J.)(same).

10

Circuit to address the issue has concluded that a plan may disclaim the common fund doctrine. *Varco*, 338 F.3d 680 (7th Cir. 2003); *Harris v. Harvard Pilgrim*, 208 F.3d 274, 277-78 (1st Cir. 2000); *United McGill Corp. v. Stinnett*, 154 F.3d 168 (4th Cir. 1998); *Walker v. Wal-Mart Stores, Inc.*, 159 F.3d 938 (5th Cir. 1998); *Health Cost Controls v. Isbell*, 139 F.3d 1070 (6th Cir. 1997); *Waller v. Hormel Foods, Inc.*, 120 F.3d 138 (8th Cir. 1997); *Ryan v. Federal Express*, 78 F.3d 123 (3d Cir. 1996). If a health care plan disclaims the common fund doctrine, then the participant's attorney cannot collect an attorney's fee against the amount to which the plan is entitled. *See Varco*, 338 F.3d at 688-92.

22.     Given that ERISA allows the Plan to disclaim attorney's fees, it would be an incredible inconsistency if the Plan could not enforce this right against Attorney Fuoco. Again, every federal circuit to address the issue has held a health care plan may disclaim the common fund doctrine; the Seventh Circuit announced this right in *Varco*. Since this right affects a participant's attorney directly, ERISA must provide a cause of action to enforce this right against the participant's attorney. Altogether, the Court has subject matter jurisdiction over the Plan's claim against Attorney Fuoco based on *Bombardier* and the Plan's ability to preempt the common fund doctrine. Further, Defendants' reliance on *Varco* is completely misplaced since that case holds in the Plan's favor and did not discuss whether jurisdiction exists over a participant's attorney.

## **CONCLUSION**

23.     This Court should deny "Defendants' Rule 12(b)(2) Motion to Dismiss." (Doc. 16.) Defendants have incorrectly invoked Rule 12(b)(2) that involves personal jurisdiction. Also, federal courts hold exclusive jurisdiction over ERISA § 502(a)(3)

claims, which is clearly a federal claim.  Lastly, case law acknowledges a health care plan may bring an ERISA § 502(a)(3) against a participant's attorney, such as Defendant Steven C. Fuoco.

Dated: September 21, 2007

By: s/ Edwin L. Rawson
Thomas H. Lawrence (TN 17105)
Edwin L. Rawson (TN 020951)
Malcolm B. Futhey III
(TN 024432; IL 6281425)
LAWRENCE & RUSSELL, LLP
5050 Poplar Avenue, Suite 1717
Memphis, Tennessee  38157
Telephone:  (901) 844-4430
Facsimile:  (901) 844-4435

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 21st day of September 2007 served a copy of the foregoing document, with any attachments, upon all counsel of record by electronic filing in accordance with the Court's guidelines to those counsel who are registered, listed below, with the Court's electronic filing program, and by properly addressed first class mail to any others.

Steven C. Fuoco, Esq.
1055 Golf Ave.
Highland Park, IL 60035

s/ Edwin L. Rawson