IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTIRCT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADMINSTRATIVE COMMITTEE FOR THE WAL-MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN,<br><br>Plaintiff,<br><br>v.<br><br>TERESA MARETTA and STEVEN C. FUOCO, ESQ., AS A NOMINAL STAKEHOLDER<br><br>Defendants, | Case No. 07 C 4748<br><br>Judge Wayne R. Anderson |

## **DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendant, STEVEN C. FUOCO, individually and as counsel for Defendant, TERESA MARETTA respectfully submit their Reply Brief in Support of their Motion to Dismiss for lacking federal subject matter jurisdiction and state as follows:

1. Defendants concede that their Motion to Dismiss had been initially mislabeled as a 12(b)(2) Motion and not a 12(b)(1) Motion.

2. Nevertheless, the Motion challenged the existence of subject matter jurisdiction, as undeniably set forth in the first paragraph of defendants' Motion.

3. The Court should grant the Motion because the unique facts of the instant case distinguish it completely from *Varco*. Moreover, the application of Illinois common fund law and an Illinois attorney's equitable lien right to fees distinguishes it from *Bombardier*, both relied upon by plaintiff.

4. Plaintiff's Response Brief failed to specifically address the factual distinctions presented. The instant case is completely dissimilar to *Varco* because defendant FUOCO holds the *Maretta v. Lewis* settlement proceeds in order to exercise his attorney compensation

1

equitable lien and undeniable common fund rights to compensation from plaintiff.

5. The fatal flaw in plaintiff's calculus when naming defendant, FUOCO in the instant action is that FUOCO's attorney rights are not determined nor can be circumscribed by the Plan terms and conditions, as a matter of law. The Seventh Circuit in *Varco* confirmed that "[h]owever, as Illinois courts have held, the common fund doctrine operates independently of a plan document." *338 F. 3d at 691*.

6. Plaintiff cannot deny that FUOCO is not a Plan participant or beneficiary and is beyond the many tentacle grasp of the Plan, as a matter of law. FUOCO's attorney rights are independent and cannot be subsumed or defeated by defendant, MARETTA's rights and obligations as a Plan participant. Nor can MARETTA's rights and obligations as a Plan participant be imputed to FUOCO in this particular Circuit and Illinois venued District.

7. Moreover, plaintiff's common fund conflict preemption argument (Response, 10-11:21) based upon *Varco* is defective because the Seventh Circuit had been undeniably discussing conflict preemption solely in the context of the *Varco* plaintiff's standing to assert her counsel's common fund rights to reduce the reimbursement amount she owed the Plan. *338 F. 3d at 690*. Unlike the instant case, the *Varco* plaintiff's counsel had been fully compensated and had no further stake in the outcome.

8. The bottom line is that plaintiff owes defendant, FUOCO an Illinois common fund fee and pro rata share contribution for *Maretta v. Lewis* case expenses necessary to have created the settlement fund. Any disclaimer of common fund liability in plan documents do not apply to FUOCO. Accordingly, there are no 1132(a)(3) remedies to enforce, since FUOCO voluntarily created an escrow trust, as plaintiff admits, before this forum shopping action commenced (Response, 3:6) and any rights conferred by plan documents to be enforced by 1132(a)(3) claim do not apply to FUOCO. Accordingly, FUOCO is not a proper defendant and should be dismissed.

9. As to defendant, MARETTA, this instant equity action is premature and should be either dismissed without prejudice to refiling or stayed, pursuant to the *Colorado River*

abstention doctrine while the state court adjudication proceeding is on-going. MARETTA has not refused to reimburse the Plan. Through her Petition to Adjudicate pending in state court, she ought to judicially establish the proper amount of reimbursement the plaintiff is legally entitled to receive because of her subsequent, May 2005 on-the-job injury for which the plaintiff has also paid workers compensation based medical benefits. With FUOCO's voluntarily creation of an escrow trust before this forum shopping action commenced, there were no 1132(a)(3) rights to enforce against MARETTA at that time or now.

10. Once plaintiff fully compensates FUOCO to extinguish his common fund rights, MARETTA will then finally receive her *Maretta v. Lewis* settlement distribution from which she can reimburse the plaintiff what she actually owes, in accordance with the plan documents.

11. Last, the Court should not follow the *Bombardier* Fifth Circuit opinion on which plaintiff has heavily relied. Defendants factually distinguished *Bombardier* on four points in their Motion (at 8). Plaintiff failed in Response to address these specific, factual distinctions. Defendant instead chose to make broad, sweeping representations about the findings of other circuits but yet did not identify any case law other than *Bombardier* having any resemblance to the instant case.

Respectfully submitted,

/s/ Steven C. Fuoco
Steven C. Fuoco
Individually and as Counsel for Defendant, TERESA MARETTA

Steven C. Fuoco
1055 Golf Avenue
Highland Park, IL 60035
847/432-LAWS (5297)